1  FENNEMORE CRAIG, P.C.
   Todd Kartchner (No. 021857)
2  Daniel G. Arana (No. 028013)
   2394 E. Camelback Rd.
3  Suite 600
   Phoenix, AZ 85016
4  Telephone: (602)916-5461
   Email: tkartchner@fennemorelaw.com
5  Email: darana@fennemorelaw.com

6  Attorneys for Plaintiff
   Chucho Produce, L.L.C.

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF ARIZONA

10

11 Chucho Produce, L.L.C., an Arizona        Case No. _____
   limited liability company
12                                           COMPLAINT FOR VIOLATIONS OF THE
                    Plaintiff,               PERISHABLE AGRICULTURAL
13                                           COMMODITIES ACT ("PACA") [7 U.S.C.
            v.                               §499e, et seq.]
14                                           1.    BREACH OF CONTRACT;
   Tonys Fresh Produce Inc., a California    2.    ENFORCEMENT OF STATUTORY
15 corporation; and Anthony Mendez, an             PACA TRUST PROVISIONS;
   individual;                               3.    VIOLATION OF PACA: FAILURE
16                                                 TO ACCOUNT AND PAY
                    Defendants.                    PROMPTLY;
17                                           4.    INJUNCTIVE RELIEF AND/OR
                                                   TEMPORARY RESTRAINING
18                                                 ORDER;
                                             5.    ACTUAL FRAUD;
19                                           6.    CONSTRUCTIVE FRAUD;
                                             7.    UNJUST ENRICHMENT;
20                                           8.    CONVERSION;
                                             9.    CONSTRUCTIVE TRUST;
21                                           10.   DECLARATORY RELIEF
22

23

24

25         Chucho  Produce,  L.L.C.,  an  Arizona  limited  liability  company  ("Plaintiff"),

26 complains and alleges as follows:

FENNEMORE
ATTORNEYS AT LAW
NOGALES

18739577.1/005000.0018

**I.**

**JURISDICTION AND VENUE**

1.     This court has jurisdiction of this case pursuant to §5(c)(4) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(4)] ("PACA") and pursuant to 28 U.S.C. §1332.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.     Plaintiff is now and at all times material herein was a corporation organized and doing business under the laws of the State of Arizona, with its principal place of business in Rio Rico, Arizona.

3.     Plaintiff is informed and believes and thereon alleges that Defendant Tonys Fresh Produce Inc. is a corporation that during all times herein mentioned was organized and operating under the laws of the State of California having its principal place of business located in the City of Los Angeles and County of Los Angeles, State of California.

4.     Plaintiff is informed and believes and thereon alleges that Defendant Anthony Mendez is an individual who during all times material herein was an officer, director and/or shareholder of Defendant Tonys Fresh Produce Inc. and who maintains a residence located within the jurisdictional boundaries of this Court.  (Tonys Fresh Produce Inc. and Anthony Mendez are sometimes collectively referred to herein as "Defendants.")

5.     Plaintiff is informed and believes and thereon alleges that Defendant Anthony Mendez is and at all times material herein was an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who during all times relevant times herein was responsible for the daily management and control of Defendant Tonys Fresh Produce Inc., and who is and during relevant times herein was in a position to control the PACA trust assets that are the subject of this lawsuit.

/ / /

/ / /

FENNEMORE
ATTORNEYS AT LAW
NOGALES

18739577.1/005000.0018

II.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

6.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 5 inclusive, of this Complaint as though fully set forth herein.

7.     At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

8.     Between on or about April 14, 2021 and May 18, 2021, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendants at Defendants' request, for which Defendants agreed to pay Plaintiff in amounts at least as great as the sum of $112,466.74.

9.     At or about the date of each transaction described in paragraph 8 above, Plaintiff forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by Defendants for Defendants' purchase of the commodities.

10.     Plaintiff has repeatedly demanded that Defendants pay the amounts due and owing under the invoices, totaling at least $112,466.74; however, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by Defendants.

11.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

12.     As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least $112,466.74.

## III.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA)

13.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12, inclusive of this Complaint as though fully set forth herein.

14.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

15.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate commerce.

16.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products.

17.     Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the total amount of at least $112,466.74, all of which remains due and unpaid.

18.     The PACA trust requires Defendants to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have indicated that they will not pay, all in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of

Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

19.     Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of produce purchased from Plaintiff to its own use and/or to an unknown third party or parties in violation of its statutory duty under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

20.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the loss of at least $112,466.74, all of which qualifies for protection under the PACA trust.

**IV.**

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)**

21.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this complaint as though fully set forth herein.

22.     Plaintiff has repeatedly demanded that Defendants pay the amount due stated above, totaling $112,466.74 for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and

accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

23.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of $112,466.74 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants.

**V.**

**FOURTH CAUSE OF ACTION**

**(For Injunctive Relief and/or Temporary Restraining Order)**

24.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23, inclusive, of this Complaint as though fully set forth herein.

25.     Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

26.     On numerous occasions Plaintiff has demanded via written notice and telephone calls that Defendants, and each of them, pay the balances due to Plaintiff in the amounts alleged herein but Defendants have failed and refused and continue to fail and refuse to do so.

27.     Based upon the following information, Plaintiff believes and thereon alleges

that Defendants are presently making payment to other creditors or owe significant sums to other creditors, which jeopardize Plaintiff's ability to recover and are failing to pay their undisputed debts, including Plaintiff's PACA trust debt which is the subject of this complaint, as those debts become due. Plaintiff is further informed and believes and thereon alleges that as a result, the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained.

28.     Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties owed to Plaintiff, Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this complaint.

29.     Plaintiff is informed and believes and thereon alleges that Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable pending a noticed hearing seeking injunctive relief.

30.     If such diversion of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff will be unable to pay its own creditors from whom the produce shipped to Defendants was purchased. Moreover, Plaintiff and other creditors of Plaintiff's, a substantial number of which are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq*.] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

31.     Therefore, Plaintiff requests that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In the alternative, Plaintiff requests that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise

1    dissipate the PACA trust assets pending a hearing on the Plaintiff's Application for

2    Injunctive Relief.

3         32.    Plaintiff is informed and believes and thereon alleges that Defendants will not

4    be damaged or injured in any way by the requested relief because the assets they hold are

5    due and owing to Plaintiff.  Further, to the extent the assets are secured by the PACA trust,

6    such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit

7    of Plaintiff.

8         33.    Plaintiff has no adequate remedy at law for the reasons set forth above.

9                                  **VI.**

10                      **FIFTH CAUSE OF ACTION**

11                        **(For Actual Fraud)**

12        34.    Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of

13   this Complaint as though fully set forth herein.

14        35.    Plaintiff is informed and believes and thereon alleges that by entering into

15   agreements to purchase produce from Plaintiff, Defendants promised to pay for the produce

16   purchased by Defendants and further promised to maintain the trust assets pursuant to the

17   PACA statutory trust until the amounts due as set forth herein are paid in full.

18        36.    Plaintiff further alleges upon information and belief that in discussions

19   between Plaintiff and Defendants, said Defendants falsely and fraudulently represented to

20   Plaintiff the overall viability of Defendants.

21        37.    Plaintiff is further informed and thereon alleges Defendant Anthony Mendez

22   so completely controlled, dominated, managed and operated Defendant Tonys Fresh

23   Produce Inc. that he intermingled assets among Defendants for his own personal use and

24   benefit.

25        38.    Plaintiff is informed and believes and thereon alleges that the promises to pay

26   for the produce purchased by Defendants were made by Defendants with the intent to induce

Plaintiff to sell produce to Defendants and to prevent Plaintiff from further inquiring into Defendants' activities and to prevent Plaintiff from collecting PACA trust assets in Defendants' possession but which properly belong to Plaintiff.

39.     Plaintiff further alleges upon information and belief that when Defendants made these representations and performed these acts as herein alleged, they knew them to be false and took such action with the intent to defraud and deceive Plaintiff to induce it to act in the manner alleged herein.

40.     At the time Plaintiff entered into the agreements to sell fresh produce to Defendants as alleged herein and at the time Defendants made the representations and performed the acts herein alleged, Plaintiff was unaware of Defendants' secret intentions not to perform or to divert assets and trust funds for their own personal use or for use by their agents, representatives, parent, subsidiary or sister corporations or other as yet unidentified third parties and that Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions.   Plaintiff believed Defendants' actions, promises and representations, and as a result, Plaintiff sold at least $112,466.74 worth of perishable agricultural commodities to Defendants and performed the other acts alleged herein.  Plaintiff further alleges that if Plaintiff had known of Defendants' actual intentions and the facts as alleged herein, Plaintiff would not have taken such action.

41.     Plaintiff is informed and believes and thereon alleges that as a result of Defendants' fraud and the facts alleged herein, Plaintiff was induced to and did sell at least $112,466.74 worth of perishable agricultural commodities to Defendants by reason of which Plaintiff has been damaged in the sum of at least $112,466.74.

42.     In doing the acts alleged herein, Defendants acted with fraud, oppression and malice and Plaintiff is entitled to punitive damages in amounts to be established at trial.

**VII.**

**SIXTH CAUSE OF ACTION**

**(For Constructive Fraud)**

43.     Plaintiff hereby reallege and incorporate by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44.     By virtue of the PACA, and by the contracts alleged herein, the relationship between Plaintiff and Defendants was fiduciary in nature.  Defendants thereby owed Plaintiff a fiduciary duty to deal with Plaintiff in good faith.  By virtue of Plaintiff having placed confidence in Defendants' integrity by entrusting Defendants with the perishable agricultural commodities as alleged above, and the products and proceeds therefrom, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendants.

45.     Plaintiff is informed and believes and thereon alleges that Defendants breached their fiduciary duty to Plaintiff and violated the relationship of trust and confidence by failing to pay Plaintiff, and by diverting trust funds and assets for Defendants' own personal use or for use by their creditors, and by securing an advantage over Plaintiff by misleading and deceiving Plaintiff to its detriment and prejudice.

46.     Plaintiff is informed and believes and upon that basis alleges that Plaintiff placed confidence in and relied on Defendants until beginning in or about May 2021 when, through communications with Defendants and their agents or representatives, Plaintiff discovered the true facts concerning Defendants' failure to preserve the assets and/or diversion of such assets for their own personal use.  Until such time, Plaintiff reasonably relied on Defendants in view of their contractual relationship.

47.     As a proximate result of Defendants' fraud and the facts herein alleged, Plaintiff was induced to, and did, sell at least $112,466.74 worth of perishable agricultural commodities to Defendants, all of which remains unpaid and by reason of which, Plaintiff

has been damaged in the above amount of $112,466.74.

48.    In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages in an amount to be determined at the time of trial.

**VIII.**

**SEVENTH CAUSE OF ACTION**

**(For Unjust Enrichment)**

49.    Plaintiff hereby alleges and incorporate by reference paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

50.    Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the amount of at least $112,466.74.

51.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff as assignee of Plaintiff.

52.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiff as assignee of Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $112,466.74.

**IX.**

**EIGHTH CAUSE OF ACTION**

**(For Conversion)**

53.    Plaintiff realleges and incorporate paragraphs 1 through 52, inclusive, of this Complaint as though fully set forth herein.

54.    At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total amount of at least $112,466.74.

55.    Beginning in May 2021 and continuing through September 20, 2021, Plaintiff

1    has repeatedly demanded the immediate turnover of the above-mentioned sums but

2    Defendants have failed and refused and continue to fail and refuse to turn over such sums

3    of money to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants

4    have diverted payments of its accounts receivable, assets of the PACA trust and monies due

5    and owing to Plaintiff to itself and to other unknown third parties.

6         56.    The acts of Defendants as alleged herein were willful, wanton, malicious,

7    oppressive and were done with the intent to defraud Plaintiff and such acts justify an award

8    of punitive damages in an amount to be proved at the time of trial.

9                                        **X.**

10                        **NINTH CAUSE OF ACTION**

11                          **(For Constructive Trust)**

12        57.    Plaintiff realleges and incorporates paragraphs 1 through 56, inclusive, of this

13   Complaint as though fully set forth herein.

14        58.    Plaintiff is informed and believes and thereon alleges that Defendants induced

15   Plaintiff to sell perishable agricultural commodities to Plaintiff through fraud as alleged in

16   detail hereinabove.

17        59.    Plaintiff is informed and believes and thereon alleges that Defendants took

18   such action and made such promises with the intent to defraud Plaintiff and to induce it to

19   sell perishable agricultural commodities to Defendants and thereby acquire and keep such

20   property and the sales proceeds thereof for their own use.

21        60.    Plaintiff is informed and believes and thereon alleges that at the time of such

22   acts and promises by Defendants as alleged herein, Plaintiff was unaware of Defendants'

23   secret intentions and therefore acted reasonably in relying on Defendants' acts and promises

24   and that if Plaintiff had known of Defendants' secret intention not to perform, it would not

25   have acted in reliance upon Defendants' promises.

26        61.    Plaintiff is informed and thereon alleges that by virtue of its fraudulent acts,

Defendants hold monies in the amount of at least $112,466.74, the value of said perishable agricultural commodities, as a constructive trustee for the benefit of Plaintiff.

## XI.

### TENTH CAUSE OF ACTION

### (For Declaratory Relief)

62.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

63.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

64.     Plaintiff seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary.  Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

65.     Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or

the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach Of Contract)

1.      For damages in the amount of $112,466.74; and,

2.      For interest thereon at the rate of eighteen percent (18%) per annum from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $112,466.74;

2.      For interest thereon at the rate of eighteen percent (18%) per annum from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1.      For damages in the amount of $112,466.74;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $112,466.74;

3.      For interest thereon at the rate of eighteen percent (18%) per annum from the date the obligation became due and payable to Plaintiff; and,

4.      For attorney's fees as deemed reasonable by this Court.

**FOURTH CAUSE OF ACTION**

**(For Injunctive Relief; Temporary Restraining Order)**

1.      For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2.      For interest on said sums at the highest rate allowed by law from the date on which each obligation became due;

3.      For costs of suit incurred and attorney's fees as deemed reasonable by this Court;

4.      For such other and further relief as the court may deem just and proper.

**FIFTH CAUSE OF ACTION**

(For Actual Fraud)

1.      For actual damages in the amount of $112,466.74;

2.      For interest thereon at the highest legal rate from the dates on which the obligations first became due;

3.      For punitive damages in an amount to be established at the time of trial;

4.      For attorney's fees and costs of suit incurred; and,

5.      For such other and further relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**(For Constructive Fraud)**

1.      For actual damages in the amount of $112,466.74;

2.      For interest thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.      For punitive damages in an amount to be determined at trial;

4.      For attorney's fees and costs of suit incurred; and,

5.      For such other and further relief as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION**

**(For Unjust Enrichment)**

1.      For damages in the amount of $112,466.74;

2.      For interest thereon at the highest legal rate from the date each obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred; and,

4.      For such other and further relief as this Court deems just and proper.

**EIGHTH CAUSE OF ACTION**

**(For Conversion)**

1.      For value of the monies converted in the amount of $112,466.74;

2.      For interest thereon at the highest legal rate from the dates on which each obligation first became due;

3.      For punitive damages in an amount to be proved at the time of trial;

4.      For attorney's fees and costs of suit incurred; and,

5.      For such other and further relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION**

(For Constructive Trust)

1.      For a declaration that Defendants hold $112,466.74;

2.      For an order compelling Defendants to transfer legal title and possession of such sums to Plaintiff.

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

(For Declaratory Relief)

1.      For a declaratory judgment establishing that:

FENNEMORE
ATTORNEYS AT LAW
NOGALES

18739577.1/005000.0018

(a)    The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)    The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sums of $112,466.74;

3.    For interest thereon at the rate of eighteen percent (18%) per annum from the date the obligation became due and payable to Plaintiff;

4.    For attorneys' fees and costs of suit incurred; and,

5.    For such other and further relief as this Court deems proper.

DATED this 20th day of September, 2021.

FENNEMORE CRAIG, P.C.

By: 
Todd S. Kartchner
Daniel G. Arana
Attorneys for Plaintiff