**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chucho Produce LLC, | No. CV-21-00372-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tonys Fresh Produce Incorporated, et al., | |
| Defendants. | |

On September 20, 2021, Plaintiff Chucho Produce LLC ("Chucho Produce") filed a Complaint against Defendants Tonys Fresh Produce Incorporated and Anthony Mendez (collectively, "Defendants"). (Doc. 1.) On the same date, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) Plaintiff alleges that Defendants are commission merchants, dealers, and/or brokers subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"). (Doc. 1 at 3 ¶ 7.) Plaintiff further alleges that Defendants have failed to pay at least $112,466.74 for perishable agricultural commodities that Plaintiff sold to Defendants between April 14, 2021 and May 18, 2021. (*Id.* at 3 ¶¶ 8-10.) Plaintiff asserts ten causes of action and seeks compensatory and punitive damages as well as injunctive and declaratory relief. (*Id.* at 3-17.)

In its *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff seeks issuance of an *ex parte* temporary restraining order pending a preliminary injunction hearing. (Doc. 2.) Plaintiff argues that notice to Defendants

should not be required because such notice would only give Defendants "time and incentive" to dissipate PACA trust assets. (*Id.* at 4.) In support, Plaintiff attaches a declaration by Alberto Cruz Elias Calles ("Calles"), the manager of Chucho Produce, who avers that Defendants have failed to pay the balance due of $112,466.74 and have indicated they will not pay. (Doc. 2-2 at 2.) Calles further avers: "Upon information and belief, Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have indicated that they will not pay." (*Id.*) Plaintiff also attaches an attorney certification averring that entry of a temporary restraining order without notice is necessary to prevent dissipation of trust assets pending a hearing. (Doc. 2-3 at 2.)

**I.      Legal Standard**

The standard for issuing a TRO is essentially the same as that for issuing a preliminary injunction. *Beaty v. Brewer*, 791 F. Supp. 2d 678, 681 (D. Ariz. 2011). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must show (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities tips in its favor, and (4) that a preliminary injunction is in the public interest. *Id.* at 20.

> A temporary restraining order can be issued without notice only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

. . . .

. . . .

## II. Discussion

PACA requires commission merchants, dealers, and brokers to hold all perishable agricultural commodities received by the merchant, dealer, or broker, as well as all "inventories of food or other products derived from" such commodities "and any receivables or proceeds from the sale of such commodities or products . . . in trust for the benefit of all unpaid suppliers or sellers" of such commodities, until full payment to the suppliers or sellers. 7 U.S.C. § 499e(c)(2). Courts have found that the dissipation of PACA trust assets may constitute irreparable harm for purposes of a request for injunctive relief "if, absent such relief, ultimate recovery is rendered unlikely." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-141 (3d Cir. 2000). However, if there is no evidence that a defendant will likely be unable to pay creditors' claims, there is no showing of irreparable harm. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990).

On the record currently before it, the Court cannot conclude that a temporary restraining order should issue without notice to Defendants, because Plaintiff has failed to present specific facts clearly showing that "immediate and irreparable injury, loss, or damage will result" to Plaintiff before Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). There is no evidence of Defendants' financial condition and no concrete evidence that Defendants are dissipating PACA trust assets. Plaintiff merely assumes that Defendants are dissipating PACA trust assets because Defendants said they will not pay Plaintiff.

The Court will set a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and will require Plaintiff to serve Defendants with a copy of the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction in advance of the hearing.

**IT IS ORDERED** that a hearing on Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is scheduled for **September 29, 2021 at 11:30 a.m.**, before the Honorable Rosemary Márquez at the United States District Court for the District of Arizona, Evo A.

DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701.  Plaintiff and Defendants shall attend the hearing.  Counsel should refer to the Court's lobby monitors to check on the location of this hearing.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing is scheduled for **November 3, 2021 at 1:45 p.m.**, before the Honorable Rosemary Márquez.

**IT IS FURTHER ORDERED** that, within **three (3) days** of the date this Order is filed, Plaintiff shall serve Defendants the Summons and Complaint (Doc. 1), Motion for Temporary Restraining Order (Doc. 2), and a copy of this Order.

Dated this 21st day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge