WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chucho Produce LLC, | No. CV-21-00372-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tonys Fresh Produce Incorporated, et al., | |
| Defendants. | |

On September 20, 2021, Plaintiff Chucho Produce LLC filed a Complaint against Defendants Tonys Fresh Produce Incorporated and Anthony Mendez. (Doc. 1.) On the same date, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) Plaintiff alleges that Defendants are commission merchants, dealers, and/or brokers subject to the provisions of the Perishable Agricultural Commodities Act ("PACA") and the regulations promulgated pursuant to PACA by the United States Secretary of Agriculture. (Doc. 1 at 3 ¶ 7.) Plaintiff further alleges that Defendants have failed to pay at least $112,466.74 for perishable agricultural commodities that Plaintiff sold to Defendants between April 14, 2021 and May 18, 2021. (*Id.* at 3 ¶¶ 8-10.) Plaintiff asserts ten causes of action and seeks compensatory and punitive damages as well as injunctive and declaratory relief. (*Id.* at 3-17.)

The Court previously declined to issue a temporary restraining order without notice to Defendants after finding that Plaintiff had not clearly shown that immediate and irreparable injury would result to it before Defendants could be heard in opposition.

(Doc. 6.) After Plaintiff filed proof of service of the Summons, Complaint, and Motion for Temporary Restraining Order and Preliminary Injunction, the Court set a December 15, 2021 hearing on the Motion for Temporary Restraining Order. (Doc. 17.)[1] Defendants did not appear at the December 15, 2021 hearing. (Doc. 19.) At the hearing, the Court heard argument from Plaintiff's counsel and set a preliminary injunction hearing for February 9, 2022 at 1:30 p.m. (*Id.*)

I.  **Legal Standard**

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Beaty v. Brewer*, 791 F. Supp. 2d 678, 681 (D. Ariz. 2011). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must show (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Id.* at 20.

II. **Discussion**

PACA requires commission merchants, dealers, and brokers to hold all perishable agricultural commodities received by the merchant, dealer, or broker, as well as all "inventories of food or other products derived from" such commodities "and any receivables or proceeds from the sale of such commodities or products . . . in trust for the benefit of all unpaid suppliers or sellers" of such commodities, until full payment to the suppliers or sellers. 7 U.S.C. § 499e(c)(2). Courts have found that the dissipation of PACA trust assets may constitute irreparable harm for purposes of a request for

---

[1] The Court required Plaintiff to email a copy of the Summons, Complaint, Motion, and the Order setting the December 15, 2021 hearing to the email address tonysfreshp19@gmail.com. The Court also required Plaintiff to mail those documents via certified mail to Anthony Mendez at his residential address and to Tonys Fresh Produce at the address for its place of business, 1500 East Olympic Boulevard, Unit #30, Los Angeles, CA 90021. (Doc. 12 at 2-3; Doc. 17 at 1-2.) Although the Court's Orders mistakenly referred to the 1500 East Olympia Boulevard address as the address for Chucho Produce rather than Tonys Fresh, Plaintiff correctly mailed the requisite documents to "Tonys Fresh Produce; 1500 E. Olympia Blvd Ste 30; Los Angeles CA 90021." (Doc. 16-1 at 2; *see also* Doc. 18-1 at 7-8.)

injunctive relief "if, absent such relief, ultimate recovery is rendered unlikely." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-141 (3d Cir. 2000); *see also CP Produce, LLC v. Quality Fresh Farms, Inc.*, No. 1-18-cv-00077-DAD-EPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) (collecting cases from district courts within the Ninth Circuit).

Plaintiff attaches to its Motion for Temporary Restraining Order a declaration by its manager, Alberto Cruz Elias Calles ("Calles"), who avers that Defendants have failed to pay the balance due of $112,466.74 and have indicated that they will not pay. (Doc. 2-2 at 2.) Calles further avers: "Upon information and belief, Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have indicated that they will not pay." (*Id.*) At the December 15, 2021 hearing, Plaintiff's counsel averred that Defendants sent Plaintiff a check for the full amount of the balance due, but the check bounced. Plaintiff's counsel further averred that other entities have filed or are considering filing lawsuits against Defendants based on failure to pay for perishable agricultural commodities sold to Defendants.

Upon review of Plaintiff's Complaint, Motion for Temporary Restraining Order, and the attachments thereto, including the declaration of Calles, and based on the averments of counsel at the December 15, 2021 hearing, the Court finds that Plaintiff has shown a likelihood of success on the merits of its claims and a likelihood of irreparable harm in the absence of temporary injunctive relief. Plaintiff has presented evidence that Defendants have failed to pay for perishable agricultural commodities that Plaintiff sold and shipped to Defendants. (Doc. 2-2 at 2.) Furthermore, Plaintiff's counsel has averred that Defendants sent Plaintiff a check for the full amount of the balance due but that the check bounced, which indicates that Defendants' non-payment is a result of Defendants' financial insolvency rather than a dispute regarding the amount due.

The balance of equities weighs in favor of temporary injunctive relief, as Plaintiff is statutorily entitled to a trust in the proceeds of sales of the perishable agricultural

commodities it sold to Defendants until the outstanding balance is paid in full. *See* 7 U.S.C. § 499e(c)(2). Finally, the public interest also weighs in favor of the issuance of a temporary restraining order, as PACA specifically finds that "a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers or brokers, who have not made payment for perishable agricultural commodities purchased . . . encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest." 7 U.S.C. § 499e(c)(1). Accordingly, the Court finds that all four *Winter* factors favor issuance of temporary injunctive relief.

The Court may issue injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). District courts are "afforded wide discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Defendants have had an opportunity to be heard in opposition to Plaintiff's Motion, but they have failed to make an appearance or present any evidence of potential harm that would result from the Court's issuance of temporary injunctive relief. Therefore, the Court declines to require a bond at this time.

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **granted in part and taken under advisement in part**, as set forth below:

1. Plaintiff's Motion for Temporary Restraining Order is granted to the extent that the Court issues the injunctive relief set forth below.
2. Plaintiff's Motion for Preliminary Injunction is taken under advisement pending the preliminary injunction hearing set for **February 9, 2022 at 1:30 p.m.**

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's Motion for Preliminary Injunction on or before **January 17, 2022**. Plaintiff may file a reply on or before **February 1, 2022**.

**IT IS FURTHER ORDERED** that, pending resolution of Plaintiff's Motion for Preliminary Injunction, Defendants and their employees, officers, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them, are enjoined from engaging in, committing, or performing directly and indirectly the following:

1. Removing, withdrawing, transferring, assigning, or in any other manner dissipating PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, in the amount of $112,466.74; and

2. Taking any other actions that violate 7 U.S.C. § 499e(c) and/or 7 U.S.C. § 499b(4).

PACA trust assets include any perishable agricultural commodities received by Defendants, "all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products." 7 U.S.C. § 499e(c)(2).

**IT IS FURTHER ORDERED** that Defendants shall deliver to Plaintiff's counsel, on or before **January 17, 2022**, true and correct copies of Tonys Fresh Produce's financial and/or business records identifying and describing all PACA trust assets currently within Tonys Fresh Produce's possession, custody, and control.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that no bond shall be required to be posted by Plaintiff pursuant to Federal Rule of Civil Procedure 65(c).

Dated this 17th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge