**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chucho Produce LLC, | No. CV-21-00372-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tonys Fresh Produce Incorporated, et al., | |
| Defendants. | |

On September 20, 2021, Plaintiff Chucho Produce LLC filed a Complaint against Defendants Tonys Fresh Produce Incorporated and Anthony Mendez (Doc. 1), as well as a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). Plaintiff alleges that Defendants are commission merchants, dealers, and/or brokers subject to the provisions of the Perishable Agricultural Commodities Act ("PACA") and the regulations promulgated pursuant to PACA by the United States Secretary of Agriculture. (Doc. 1 at 3 ¶ 7.) Plaintiff further alleges that Defendants have failed to pay at least $112,466.74 for perishable agricultural commodities that Plaintiff sold to Defendants between April 14, 2021 and May 18, 2021. (*Id.* at 3 ¶¶ 8-10.) Plaintiff asserts ten causes of action and seeks compensatory and punitive damages as well as injunctive and declaratory relief. (*Id.* at 3-17.)

The Court declined to issue a temporary restraining order without notice and ordered Plaintiff to complete service of process. (Doc. 6.) After Plaintiff had made several unsuccessful attempts at personal service, the Court authorized the alternative

methods of service by email and certified mail, finding that personal service on Defendants had proven impracticable despite Plaintiff's reasonable efforts. (Doc. 12.) Plaintiff thereafter filed proof of service upon Tonys Fresh Produce Incorporated and Anthony Mendez via the authorized alternative methods of service. (Docs. 13, 14, 15, 16.)

The Court held a hearing on Plaintiff's Motion for Temporary Restraining Order on December 15, 2021; Defendants failed to appear for the hearing. (Doc. 19.) The Court thereafter issued a temporary restraining order and Ordered Defendants to respond to Plaintiff's Motion for Preliminary Injunction. (Doc. 20.) Defendants did not respond to the Motion for Preliminary Injunction. The Court held a hearing on the Motion for Preliminary Injunction on February 9, 2022; Defendants did not appear at the hearing. (Doc. 21.) To date, Defendants have not appeared in this case.

**I.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must show (1) that it is likely to succeed on the merits of its claims, (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Id.* at 20.

PACA requires commission merchants, dealers, and brokers to hold all perishable agricultural commodities received by the merchant, dealer, or broker, as well as all "inventories of food or other products derived from" such commodities "and any receivables or proceeds from the sale of such commodities or products . . . in trust for the benefit of all unpaid suppliers or sellers" of such commodities, until full payment to the suppliers or sellers. 7 U.S.C. § 499e(c)(2). Courts have found that the dissipation of PACA trust assets may constitute irreparable harm for purposes of a request for injunctive relief "if, absent such relief, ultimate recovery is rendered unlikely." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-141 (3d Cir.

2000); *see also CP Produce, LLC v. Quality Fresh Farms, Inc.*, No. 1-18-cv-00077-DAD-EPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) (collecting cases from district courts within the Ninth Circuit).

**II.     Discussion**

The Court previously granted a temporary restraining order upon review of Plaintiff's Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, the attachments to that Motion, and the averments of counsel at the December 15, 2021 hearing. (Doc. 20.) Specifically, the Court found that Plaintiff had established a likelihood of success on the merits of its claims and a likelihood of irreparable injury in the absence of temporary injunctive relief, and that both the balance of equities and the public interest weighed in favor of temporary injunctive relief. (*Id.* at 3-4.)

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Beaty v. Brewer*, 791 F. Supp. 2d 678, 681 (D. Ariz. 2011). The Court finds, based on its prior analysis (Doc. 20), that the *Winter* factors weigh in favor of the issuance of preliminary injunctive relief. Accordingly, the Court will convert its previously issued temporary restraining order into a preliminary injunction.

The Court may issue injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). District courts are "afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from an injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (internal citation omitted). Defendants have had an opportunity to be heard in opposition to Plaintiff's Motion for Preliminary Injunction, but they have failed to make an appearance or present any argument or evidence concerning potential harm that would result from the Court's issuance of preliminary injunctive relief. Therefore, the Court declines to require a bond.

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that, until further Order of the Court, Defendants and their employees, officers, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them, are enjoined from engaging in, committing, or performing directly and indirectly the following:

1. Removing, withdrawing, transferring, assigning, or in any other manner dissipating PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, in the amount of $112,466.74; and

2. Taking any other actions that violate 7 U.S.C. § 499e(c) and/or 7 U.S.C. § 499b(4).

PACA trust assets include any perishable agricultural commodities received by Defendants, "all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products." 7 U.S.C. § 499e(c)(2).

**IT IS FURTHER ORDERED** that no bond shall be required to be posted by Plaintiff pursuant to Federal Rule of Civil Procedure 65(c).

Dated this 11th day of February, 2022.

_____
Honorable Rosemary Márquez
United States District Judge